UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-cv-01784

STEVEN SALDARRIA,
    Plaintiff,

v.

I.C. SYSTEM, INC,

    Defendant.
_____/

## SECOND JOINT STATUS REPORT

Plaintiff, Steven Saldarria and Defendant, I.C. System, Inc file this Second Joint Status Report.

**I.**    **Status of *Hunstein* Appeal:**

1.    On October 28, 2021, the panel judges of the Eleventh Circuit issued a published opinion affirming its previous April 23, 2021, opinion finding that the Court had Article III standing. The court further addressed that the United States Supreme Court's opinion in *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190 (2021) did not alter the court's interpretation or holding as to Article III standing based on the review standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Finally, the court held that the alleged facts contained in the Plaintiff's complaint stated a cause of action under

15 U.S.C. Section 1692c(b). Unlike the prior opinion, Judge Tjoflat issued a dissenting opinion.

2.   On November 16, 2021, the Eleventh Circuit issued an Order granting a Motion for Extension of time until December 3, 2021, for the Appellee to file a Petition for Rehearing *En Banc*.

3.   On November 17, 2021, the panel judges of the Eleventh Circuit issued a published opinion voting in favor of the case being reheard en banc. As such, the Court entered a sua sponte Order that the panel's opinion is vacated, and that the case will be reheard en banc.

4.  On November 23, 2021, the Eleventh Circuit issued a Memorandum to Counsel or Parties instructing the Parties to focus their briefs on the question of: "Does Mr. Hunstein have Article III standing to bring this lawsuit?" Appellant's brief was due on or before December 23, 2021, and Appellee's Brief was to be served and filed electronically before January 18, 2022.

5.  On January 11, 2022, the Eleventh Circuit issued a Memorandum to Counsel or Parties scheduling oral arguments for the Parties on Tuesday, February 22, 2022, at 9:00 a.m. in Atlanta, Georgia. A decision is still pending.

II.   **Present Position of the Parties:**

In light of the court's opinion and the indication that the Appellee intends on seeking an *en banc* review of the opinion, the Parties request this Court to continue the Stay pending a resolution and decision from the Eleventh Circuit following consideration of the petition for an *en banc* review.

III. **Statement of Claim in this case:**

**(1) Plaintiff's Claim**

Plaintiff asserts that during the course of debt collection related to an AT&T account, Defendant violated 15 U.S.C. § 1692c(b) of the FDCPA and §559.72(5) of the FCCPA. Specifically, Plaintiff avers that Defendant communicated his information to a third-party vendor for the purposes of creating and sending to him collection correspondence. Plaintiff contends that he did not consent to the communication of his information to any vendor, that such communication violates § 1692c(b) as a matter of law, and that the communication affected his reputation.

**(2) Defendant's Defenses**

Defendant's position remains that it did not violate the FDCPA or the FCCPA as alleged in Plaintiff's Complaint, and has asserted affirmative defenses thereto.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Dated: March 7, 2022

Respectfully submitted by:

 /s/ Sangeeta Spengler
Sangeeta Spengler, ESQ.
Florida Bar No.: 0186864
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
spspenger@gsgfirm.com
Counsel for Defendant


 /s/Thomas Patti
Thomas Patti Esq.
Florida bar No.: 118377
**Law Offices of Jibreal Hindi**
110 SE 6th Street
Suite 1744
Ft. Lauderdale, FL 33301
tom@jibreallaw.com
Counsel For Plaintiff